IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Angela Elaine Preston, | Case No. 5: 23 CV 1645 |
| Petitioner, | |
| -vs- | JUDGE PAMELA A. BARKER |
| Summit County Court of Common Pleas, et al., | MEMORANDUM OPINION AND ORDER |
| Respondents. | |

*Pro se* Petitioner Angela Elaine Preston has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 1). Although the specific grounds for her petition are unclear, her petition on its face indicates she seeks to challenge community control sentences imposed on her in criminal cases in the Summit and Portage County Courts of Common Pleas. (*See id*. at ¶¶ 2, 4, 6.)

Promptly after the filing of a habeas petition, the district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." (Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)).) If so, the petition must be summarily dismissed. *See Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir. 1970) (the district court "has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face"). *See also* 28 U.S.C. § 2243.

It plainly appears from the petition that Petitioner is not entitled to habeas corpus relief in federal court.

Before a federal court may grant habeas relief, a state prisoner must exhaust all available state-court remedies. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). The exhaustion requirement applies whether a petition is labeled as brought under 28 U.S.C. § 2241 or § 2254. *See Collins v. Million*, 121 Fed. App'x 628, 630 (6th Cir. 2005).

A constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); 28 U.S.C. § 2254(c). If a habeas petitioner has the right under state law to raise a claim by any available procedure, she has not exhausted that claim. *See* 28 U.S.C. § 2254(b); *see also McNeil v. Ohio Adult Parole Authority*, No. 2: 21-cv-471, 2021 WL 766726, at *1 (S.D. Ohio Feb. 4, 2021), Report and Recommendation adopted, 2021 WL 773365 (S.D. Ohio Feb. 26, 2021). The exhaustion requirement is grounded in principles of comity. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In the federal system, states should have first opportunity to address and correct alleged violations of a state prisoner's federal rights. *Id.*

It is evident on the face of the petition that Petitioner has not exhausted her state remedies with respect to her claims regarding her community control sentences. She does not represent or indicate that she has pursued, much less completed, the state's appellate process in connection with her sentences, including by seeking review in the Ohio Supreme Court.

## Conclusion

Accordingly, for the foregoing reasons, the petition in this matter (Doc. No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus. This dismissal is without prejudice to Petitioner's re-filing a federal habeas corpus petition after full exhaustion of available state remedies. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an

appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).

    **IT IS SO ORDERED.**

Date: October 26, 2023

    s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE